**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1674
_____

UNITED STATES OF AMERICA

v.

SHARIF EL-BATTOUTY,
                                        Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-18-cr-00352-003)
District Judge: Hon. Harvey Bartle, III
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1
June 13, 2022

Before: HARDIMAN, SMITH, and FISHER, *Circuit Judges*

(Filed: June 28, 2022)

Richard Coughlin
Louise Arkel
Office of Federal Public Defender

1002 Broad Street
Newark, NJ 07102
        *Counsel for Appellant*

Richard W. Downing
Kaylynn Foulon
United States Department of Justice
Criminal Division
Room 600
1300 New York Avenue, N.W.
Washington, DC 20005

William M. McSwain
Robert A. Zauzmer
Kevin L. Jayne
Office of the United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106

        *Counsel for Appellee*

_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge.*

Sharif El-Battouty appeals his judgment of conviction for engaging in a "child exploitation enterprise" in violation of 18 U.S.C. § 2252A(g). The appeal presents a question of first

impression regarding the interpretation of Section 2252A(g). For the reasons that follow, we will affirm.

I

El-Battouty was a leader of a large-scale online child pornography ring that victimized minors for almost two years. Using the online alias "Fritos," El-Battouty posted several thousand times on two private servers—"Cam Girls" and "Thot Counselors"—hosted by an internet chat platform called Discord. App 113. Both servers were organized into text channels that functioned as chatrooms. They operated as sophisticated, hierarchical distribution networks for sexually explicit images and videos of minors. Users also shared methods to coerce children into producing pornography. Frequent contributors to the enterprise received greater "rank," which bestowed upon them administrative rights and greater access to child pornography.

As "Fritos," El-Battouty was prolific on both the Cam Girls and Thot Counselors servers. He bragged of his "elite" ability to manipulate minor women into exposing themselves and performing sex acts. *See, e.g.*, App. 129; Supp. App. 84. He specialized in producing explicit "gifs"—short, looping video clips—of minors. He used his fictional online persona to deceive minors into believing they were playing a "game" of progressively lewder sex acts with a fellow minor. El-Battouty surreptitiously recorded and then distributed this content to other users on the Discord servers.

Once law enforcement became aware of Cam Girls and Thot Counselors, an undercover FBI agent began to monitor and preserve content. A search of El-Battouty's residence pursuant to a warrant recovered digital devices containing

3

thousands of carefully archived sexually explicit images and videos of minors. The devices, as well El-Battouty's own statements, established his access and use of Cam Girls and Thot Counselors as "Fritos." A grand jury returned a two-count superseding indictment against El-Battouty, charging him with engaging in a child exploitation enterprise in violation of 18 U.S.C. § 2252A(g), and conspiracy to advertise child pornography in violation of 18 U.S.C. § 2251(d), (e). A jury convicted El-Battouty on both counts. The child exploitation enterprise count resulted in a sentence of 30 years' imprisonment, a life term of supervised release, restitution of $5,421.45, and a special assessment of $100. On the Government's motion, the District Court dismissed the conspiracy count as a lesser included offense.

El-Battouty filed this timely appeal.

## II

The District Court had jurisdiction under 18 U.S.C. § 3231. We have final order jurisdiction under 28 U.S.C. § 1291.

## III

As noted, a jury found El-Battouty guilty of engaging in a child exploitation enterprise under 18 U.S.C. § 2252A(g). That provision states:

> A person engages in a child exploitation enterprise for the purposes of this section if the person . . . [commits certain predicate federal violations involving minor victims] as a part of a series of felony violations constituting three or

4

more separate incidents and involving more than one victim, and commits those offenses in concert with three or more other persons.

18 U.S.C. § 2252A(g)(2). Consistent with the statute, the District Court outlined for the jury the three elements necessary to convict El-Battouty: (1) that he committed a series of felony violations constituting three or more separate incidents; (2) that the three or more incidents together involved more than one victim in total; and (3) that he committed the offenses in concert with three or more other persons. On the final element, the District Court further explained that "[i]t is not necessary that each individual incident was committed in concert with three or more other persons. The required total of three other persons may be tallied by considering *all* the incidents together." App. 652 (emphasis added).

El-Battouty's proposed jury instructions contended, and he argues on appeal, that 18 U.S.C. § 2252A(g) is better read to require *each* individual predicate offense to be committed in concert with three or more other persons. The District Court disagreed, holding that straightforward principles of statutory construction establish that the "in concert" requirement is "best read" to refer to the "series" of predicate offenses, rather than each individually. App. 678. While we have not yet considered this issue, the Sixth and Ninth Circuits both concluded that the "in concert with three or more other persons" requirement of § 2252A(g) refers to the series of offenses cumulatively, rather than individually. *See United States v. Grovo*, 826 F.3d 1207, 1215 (9th Cir. 2016); *United States v. Daniels*, 653 F.3d 399, 412 (6th Cir. 2011). Exercising plenary review over the correctness of the District Court's jury instructions, *United*

5

*States v. Friedman*, 658 F.3d 342, 352 (3d Cir. 2011), we now join our sister courts.

The statute specifies that the defendant committed "*those* offenses in concert with three or more other persons." 18 U.S.C. § 2252A(g) (emphasis added). It does not require that *each* felony violation be committed by three or more persons. *See id.* "'[T]hose offenses' . . . refer[s] to the '*series* of felony violations.'" *Daniels*, 653 F.3d at 412; *see* 18 U.S.C. § 2252A(g). The only offenses identified previously in the statute are the series of predicate felony offenses involving minors. *See* 18 U.S.C. § 2252A(g). The absence of "each"—or a functionally equivalent word—immediately before "in concert with three or more persons" confirms that the "three or more persons" may be summed by considering the predicate felony violations together. *See id.* So the District Court's instruction to the jury was consistent with the law as written.

IV

El-Battouty's other two arguments are without merit.

A

He challenges the District Court's failure to cure or strike testimony from a cooperating witness who referred to his own participation in a "child exploitation enterprise." El-Battouty Br. 44–49. El-Battouty claims that the witness's repeated references to a "child exploitation enterprise" prejudiced him by suggesting a legal conclusion to the jury, thus depriving him of his right to a fair trial. We review the District Court's evidentiary rulings for abuse of discretion. *United States v. Serafini*, 233 F.3d 758, 768 n.14 (3d Cir. 2000)

6

(citing *United States v. Pelullo*, 964 F.2d 193, 199 (3d Cir. 1992)). We discern no abuse of discretion in this case.

The cooperating witness testified about his guilty plea, cooperation agreement, and the conduct on which both were based: his participation in the same "child exploitation enterprise" as El-Battouty on the Cam Girls and Thot Counselor servers. Critically, testimony regarding the cooperating witness's guilty plea was not admitted as substantive evidence of El-Battouty's guilt. *See United States v. Universal Rehab. Servs. (PA), Inc.*, 205 F.3d 657, 668 (3d Cir. 2000) (en banc). The District Court specifically cautioned the jury that it "must not consider [the cooperating witness's] guilty plea as any evidence of [El-Battouty]'s guilt." App. 641–42; *see Universal Rehab. Servs.*, 205 F.3d at 668 (explaining that any prejudicial effect is typically cured by instructing the jury "that it may not consider the guilty plea and/or plea agreement as evidence that the defendant is guilty of the offenses"). Moreover, El-Battouty's own attorney described the witness's offense using the same phrase—"child exploitation enterprise"—on cross-examination. App. 296. The Government introduced the cooperating witness's testimony for permissible reasons—assisting the jury in weighing the witness's credibility, demonstrating that El-Battouty was not singled out for prosecution, and explaining how the cooperator had direct knowledge of the charges against El-Battouty. And the District Court properly cautioned the jury as to the testimony's limited use. The Court did not abuse its discretion.

B

We last consider El-Battouty's challenge, raised here for the first time, to the District Court's jury instructions. He

7

claims the description of the number of offenses and incidents comprising the child exploitation enterprise count was "confusing" and that the jury should have been required to indicate the particular offenses on which they agreed. El-Battouty Br. 34. El-Battouty further argues that the District Court should have defined "transporting," "distributing," and "in concert with," in the jury instructions. ("Transporting" and "distributing" child pornography are among the predicate felony violations contained in the first element of § 2252A(g); "in concert with" appears in the third element of § 2252A(g).)

Our review of the record leads us to conclude that the District Court's instructions fairly and adequately put the issue before the jury. The Court detailed the predicate offenses of the child exploitation enterprise count. "Transporting" and "distributing" are ordinary terms that the jury could understand without further detail. The same is true of "in concert with"— which connotes mutual agreement or a common plan. The central issue was whether El-Battouty acted alone or conspired with other users on the Discord servers. The statute presents common words and phrases, which the District Court explained to the jury in a straightforward way. El-Battouty did not identify any problem on this point at trial, and the jury did not request clarification when given the opportunity to ask questions. There was no error, much less plain error. *See United States v. Tai*, 750 F.3d 309, 313 (3d Cir. 2014).

\* \* \*

For the reasons stated, we will affirm the District Court's judgment of conviction.